8

Horst WUERSCHING, Plaintiff–Appellant,

v.

CITY OF MOUNT VERNON and Town of Wawarsing, Defendants–Cross–Defendants–Appellees,

County of Ulster and Ulster County Sheriff's Dept., Defendants–Cross–Claimants–Appellees.

No. 04–1379–CV.

United States Court of Appeals, Second Circuit.

March 25, 2005.

Horst Wuersching, Mount Vernon, NY, for Appellant, pro se.

James M. Fedorchak, Gellert & Quartararo, P.C. (Gregory P. Vidler), Poughkeepsie, NY, Michael T. Snyder, Maynard, O'Connor, Smith & Catalinotto, LLP, Albany, NY, for Appellees, of counsel.

Present: NEWMAN, SACK, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that decision on the appeal is DEFERRED pending appellant's taking or failing to take action to obtain the trial transcript from the district court, as outlined below.

In July 1999, Plaintiff–Appellant Horst Wuersching was arrested pursuant to a bench warrant issued by the Wawarsing Justice Court and was detained in the Ulster County Jail. He subsequently filed a complaint under 42 U.S.C. §§ 1983 & 1985 against defendants-appellees, alleging that he had been deprived of his rights under the First, Fourth, Fifth, and Four-

teenth Amendments as a result of his arrest, detention, and treatment while detained.

At the close of Wuersching's case, the district court granted the Town of Wawarsing's motion for judgment as a matter of law. After trial, the jury returned a verdict in favor of the County of Ulster and the Ulster County Sheriff's Department (the "Ulster County defendants"). Defendant City of Mount Vernon was dismissed from the case by agreement of the parties.

Wuersching appeals the district court's grant of judgment as a matter of law to the Town of Wawarsing and its judgment based on the jury's verdict in favor of the Ulster County defendants. In his brief, Wuersching alleges facts that he asserts refute the validity of the court's and jury's conclusions. Because Wuersching has not provided us with a copy of the trial transcript, however, we are unable to review his claims.

Rule 10 of the Federal Rules of Appellate Procedure requires an appellant to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary." Fed. R.App. P. 10(b)(1)(A). Additionally, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R.App. P. 10(b)(2). Finally, the appellant "must comply with Rule 10(b) and must do whatever else is necessary to enable the clerk to assemble and forward the record." Fed. R.App. P. 11(a).

Because appellant has failed to comply with Rule 10(b), he is directed to submit to this Court, within thirty days of the date of this order, one of the following: (1) proof that he has ordered the transcript from the court reporter; (2) proof that he has moved in the district court for a free transcript, see 28 U.S.C. § 753(f); or (3) a certificate stating he does not wish to challenge the verdict and will therefore not be submitting a transcript.

If, within thirty days of the date of this order, appellant does not provide this Court with such proof or the above-described certificate, the appeal shall be dismissed for failure to comply with Fed. R.App. P. 10(b). See, e.g., Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir.2000). If appellant needs more time to obtain the trial transcript, he may submit to this Court, before the expiration of the thirty days, a motion for an extension of time, explaining why an extension is necessary.

If appellant moves for a free transcript, he must provide the district court with a statement detailing the "substantial question[s]" presented by the appeal, as required by 28 U.S.C. § 753(f). Once the district court decides the motion, appellant must, within thirty days of entry of the district court order, inform this Court of the district court's decision and, if the district court denies the motion, do one of the following: (1) submit proof that he has ordered the transcript; (2) file a motion for a free transcript in this Court; or (3) file a certificate stating he does not wish to challenge the verdict and will therefore not be submitting a transcript. If, within thirty days of entry of the district court order denying the motion for a free transcript, appellant fails to comply with these requirements, the appellant's claim shall be dismissed. If the district court grants the motion for a transcript, appellant must file the transcript within five days of receiving it from the reporter.

If appellant files the transcript with this Court within the time allowed, the appeal will be decided by this panel.

For the foregoing reasons, decision on the appeal is DEFERRED as provided by this order.