**Horst WUERSCHING, Plaintiff–Appellant,**

v.

**CITY OF MOUNT VERNON and Town of Wawarsing, Defendants–Cross–Defendants–Appellees,**

**County of Ulster and Ulster County Sheriff's Dept., Defendants–Cross–Claimants–Appellees.**

No. 04–1379–cv.

United States Court of Appeals, Second Circuit.

Sept. 23, 2008.

Horst Wuersching, Mount Vernon, NY, pro se.

James M. Fedorchak, Gellert & Quartararo, P.C. (Gregory P. Vidler, of counsel), Poughkeepsie, NY, Michael T. Snyder, Maynard, O'Connor, Smith & Catalinotto, LLP, Albany, NY, for Appellees.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

On March 25, 2005, 127 Fed.Appx. 8, this Court entered a summary order in this case. In it, we deferred decision on the appeal because of the absence from the record on appeal of the necessary trial transcript. We said:

Rule 10 of the Federal Rules of Appellate Procedure requires an appellant to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary." Fed. R.App. P. 10(b)(1)(A). Additionally, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R.App. P. 10(b)(2). Finally, the appellant "must comply with Rule 10(b) and must do whatever else is necessary to enable the clerk to assemble and forward the record." Fed. R.App. P. 11(a).

Because appellant has failed to comply with Rule 10(b), he is directed to submit to this Court, within thirty days of the date of this order, one of the following: (1) proof that he has ordered the transcript from the court reporter; (2) proof that he has moved in the district court for a free transcript, see 28 U.S.C. § 753(f); or (3) a certificate stating he does not wish to challenge the verdict and will therefore not be submitting a transcript.

If, within thirty days of the date of this order, appellant does not provide this Court with such proof or the above-described certificate, the appeal shall be dismissed for failure to comply with Fed. R.App. P. 10(b). See, e.g., *Wrighten v. Glowski,* 232 F.3d 119, 120 (2d Cir.2000)....

Summary Order at 2–3.

The appellant has made various efforts to obtain the transcript, communicated with this Court several times in connection with that effort, and asked for and received several postponements. Although it would appear from entries on this Court's docket that earlier this year, tape recordings of the proceedings in question were finally made available to the appellant, they have apparently never been transcribed. Having thus never obtained such a transcript, by letter dated July 30, 2008, the appellant wrote to the Clerk of Court saying, "Due to the long lapse of time in trying to obtain missing transcripts for this case I would like to request a motion [sic] from the court to decide the case based on all current documents filed with the court."

Based on this request, and because the record before us is insufficient to establish any error by the district court, it is hereby ORDERED, ADJUDGED and DECREED that the judgment of the district court is AFFIRMED.