09-0848-pr
Ventura v. Sinha, *et al*.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of May, two thousand ten.

PRESENT:

> PIERRE N. LEVAL,
> BARRINGTON D. PARKER,
> ROBERT A. KATZMANN,
>           *Circuit Judges.*

_____

Jose A. Ventura,

> *Plaintiff-Appellant*,

> v.                                          09-0848-pr

Dr. Sinha, Nurse Baccacio, Nurse Betty, E. Minardo, Program Committee, Sergeant Sullivan, Officer A. Miller, Officer G. Peperone, Officer Montanari, Officer M. Lessard,

> *Defendants-Appellees*,

Orleans Correctional Facility, Sally B. Johnson, Nurse Administrator Jane Doe, C.A. Preiss, Sergeant John Doe, Officer John Doe, Lieutenant MacFolling,

> Defendants.

_____

FOR APPELLANT:        Jose A. Ventura, *pro se*, Rome, N.Y.

FOR APPELLEES:        Andrew M. Cuomo, Attorney General for the
                      State of New York; Barbara D. Underwood,
                      Solicitor General; Andrea Oser, Deputy
                      Solicitor General; Martin A. Hotvet,
                      Assistant Solicitor General (*on the brief*),
                      Albany, N.Y.


Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**, in part, and that the appeal be **DISMISSED**, in part, without prejudice to reinstatement.

Appellant Jose A. Ventura, *pro se*, appeals the district court's grant of the Defendants' motion for summary judgment, dismissing his 42 U.S.C. § 1983 claims against Edward Minardo and Dr. Brij Sinha for deliberate indifference to a serious medical need; the district court's grant of the Defendants' pre-trial motion *in limine*; and the district court's judgment, following a jury trial, for the remaining Defendants on Ventura's excessive force claims.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.    Summary Judgment

Ventura does not challenge on appeal the district court's grant of summary judgment to defendants Baccacio and Fassio as to

2

his deliberate indifference claims, or to Defendant Lessard as to his excessive force claim arising from the December 14, 1999 incident.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l Bank v. Delta Airlines*, 263 F.3d 42, 46 (2d Cir. 2001). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

Even construing all the facts in Ventura's favor, the record shows that the district court properly granted summary judgment to Minardo and Sinha as to Ventura's claims for deliberate indifference. To establish an Eighth Amendment claim for medical indifference, a plaintiff must prove that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994). This standard consists of two components: (1) "[o]bjectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration or extreme pain exists"; and (2) "[s]ubjectively, the charged official must act with a sufficiently culpable state of mind[;] . . . something

more than mere negligence," and akin to criminal recklessness. *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotations omitted). However, not every claim of inadequate medical care made by a prisoner states a violation of the Eighth Amendment. *See Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). Indeed, we have observed that a disagreement with the medical care provided is insufficient to state a constitutional claim; "[t]he essential test is one of medical necessity and not one simply of desirability." *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986); *see Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

Here, Ventura's deliberate indifference claim against Minardo failed because there was no evidence that he acted with a sufficiently culpable state of mind. *See Hathaway*, 99 F.3d at 553. The undisputed record shows that Minardo reasonably denied Ventura's request for a program change in September 1999 because his medical limitations at that time were not inconsistent with the requirements on participants in the Commercial Arts program. Additionally, even if Ventura's revised November medical limitations slip should have been understood as barring him from participating in that program, Minardo was never made aware of these new limitations. Thus, because the record shows that

4

Minardo did not "know[] of and disregard[] an excessive risk to [Ventura's] health or safety," summary judgment was appropriate as to this claim. *Id.; see id.* ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.").

Summary judgment was also proper as to Ventura's deliberate indifference claim against Sinha. Ventura argued below, and continues to argue on appeal, that Sinha violated his Eighth Amendment rights by failing to timely provide necessary medical treatment—and, specifically, referral to an orthopedic specialist—following the injuries he allegedly sustained on November 9, 1999. However, as the district court correctly observed, Ventura's examination by medical staff on that date failed to reveal any injuries apart from a small scratch on his forehead, and diagnostic tests and X-rays confirmed no remarkable results. Moreover, Ventura responded positively to the treatment prescribed by Sinha, and Ventura failed to offer any evidence disputing Sinha's diagnosis of his medical condition, or showing that the treatment he received was inadequate given his condition. Accordingly, because Ventura showed no more than that he disagreed with the course of treatment he received, his constitutional claim failed as a matter of law. Summary judgment was therefore appropriate. *See Chance*, 143 F.3d at 703 ("So long

5

as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

II.  Motion *In Limine* and the Jury Verdict

Ventura challenges the district court's grant of the Defendants' pre-trial motion *in limine*, barring him from providing testimony on the cause of his injuries allegedly resulting from an assault by the Defendants on November 9, 1999, and, construing his brief broadly, appears to challenge the jury verdict as to his excessive force claims against Defendants Sullivan, Peperone, and Montanari.  We review a district court's evidentiary rulings for abuse of discretion, "and will reverse only if an erroneous ruling affected a party's substantial rights."  *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005).

However, under Federal Rule of Appellate Procedure 10(b), within 10 days after the filing of a notice of appeal, the appellant must either (1) order transcripts from any proceedings that are necessary to the appeal from the reporter and file such order with the district court; or (2) file a certificate stating that no transcript will be ordered.  In the past, we have dismissed appeals of issues related to a jury trial where appellant failed to provide a trial transcript.  *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (dismissing the portion

6

of the appeal challenging post-trial findings because transcripts from those proceedings were not provided); *Gayle v. Walker*, 148 F.3d 214, 214 (2d Cir. 1998) (dismissing *pro se* appeal without prejudice to reinstatement for failure to file transcripts).  In those cases, we explained that the failure to provide relevant transcripts deprives us of the ability to conduct meaningful appellate review.  *See, e.g., Wrighten*, 232 F.3d at 120.

Here, we cannot determine whether the district court abused its discretion by granting the Defendants' motion *in limine* without reviewing the transcript from the January 9, 2009 hearing on that motion.  Similarly, to the extent Ventura challenges any aspect of the jury verdict, we cannot review that claim of error absent a complete trial transcript.  Accordingly, given the lack of transcripts, Ventura's appeal from the district court's grant of the Defendants' motion *in limine* and the jury verdict is **DISMISSED**, without prejudice to reinstatement, provided that, within 30 days of the date of this order, Ventura provides this Court with: (1) the transcript; (2) proof that he has ordered the transcript; or (3) proof that he has moved in the district court for a free trial transcript under 28 U.S.C. § 753(f).[*]  *See*

---

[*] Under 28 U.S.C. § 753(f), "[f]ees for transcripts furnished in . . . proceedings to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."  Thus, to the extent Ventura moves for free transcripts in the district court pursuant to this statute, he must satisfy this standard.

7

*Gayle*, 148 F.3d at 214. Upon timely filing of a transcript in the record on appeal, the appeal will be reinstated. While Ventura previously sought transcripts under 28 U.S.C. § 753(f) in the district court, he did not describe the "substantial questions" he intended to raise on appeal. If he wishes to obtain free transcripts from the district court, he must file a second motion under 28 U.S.C § 753(f) setting out the trial-related claims described above.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**, and the appeal is **DISMISSED**, in part, without prejudice to reinstatement.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk