12-3658-cv (L)
Zagaja v. Village of Freeport

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10ᵗʰ day of July, two thousand thirteen.

PRESENT:    DEBRA ANN LIVINGSTON,
            GERARD E. LYNCH,
            RAYMOND J. LOHIER, JR.,
                        Circuit Judges.

_____

DEBBIE ZAGAJA,

                        *Plaintiff-Appellee*,

    -v-                                    Nos. 12-3658-cv; 12-4905-cv

VILLAGE OF FREEPORT AND ANDREW HARDWICK, AS BOTH MAYOR AND IN HIS INDIVIDUAL CAPACITY,

                        *Defendants-Appellants*.

_____

ROBERT J. VALLI, JR. (Aneeba Rehman *on the brief*), Valli Kane & Vagnini, LLP, Garden City, NY *for Plaintiff-Appellee*.

HOWARD M. MILLER, Bond, Schoeneck & King, PLLC, Garden City, NY (Stanley A. Camhi & Jessica M. Baquet, Jaspan Schlesinger LLP, Garden City, NY *on the brief*) *for Defendants-Appellants*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of appellate jurisdiction.

Defendants-Appellants Village of Freeport and Andrew Hardwick ("Defendants"), appeal from a Memorandum Opinion and Order of the United States District Court for the Eastern District of New York (Bianco, *J.*), entered November 30, 2012, denying in part Defendants' motion for summary judgment on Plaintiff-Appellee Debbie Zagaja's claims alleging violation of her constitutional rights pursuant to 42 U.S.C. §§ 1981 and 1983, employment discrimination on the basis of race and/or gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and employment discrimination in violation of Article 15 of the Executive Law of the State of New York §§ 290 and 296 ("NYSHRL"). The district court dismissed the Title VII claim with respect to Hardwick because there is no individual liability under Title VII. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). The district court denied qualified immunity to Hardwick with respect to Zagaja's § 1981, § 1983, and NYSHRL claims. Defendants appeal the district court's denial of qualified immunity. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"The denial of a motion for summary judgment is normally not 'immediately appealable because such a decision is not a final judgment.'" *Papineau v. Parmley*, 465 F.3d 46, 54 (2d Cir. 2006) (quoting *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 38 (2d Cir. 2003)). An appeal on the basis of qualified immunity is available "where the defendant contends that on stipulated facts, or on the facts that the plaintiff alleges are true," he is entitled to immunity "as a matter of law because those facts show either that he 'didn't do it' or that it was objectively reasonable for him to believe that his action did not violate clearly established law." *Salim v. Proulx*, 93 F.3d 86, 90-91 (2d Cir. 1996).

The district court found that disputed issues of fact with respect to the discrimination and retaliation claims precluded qualified immunity as to Hardwick. In evaluating Zagaja's discrimination claims, the district court considered evidence including: statements by the city counsel that Hardwick wanted to promote "his people"; Hardwick's own statements expressing his desire to have more minorities advance; promotion of candidates outside of Zagaja's protected class who were allegedly less qualified; and Hardwick's efforts to re-vamp the civil service exam for Chief of Police. In evaluating the retaliation claim, the district court considered evidence that: Defendants were aware of Zagaja's protected activity in complaining about the female officer locker room and filing a complaint; they chose not to promote her to vacant positions; and Chief Bermudez testified that he could no longer "trust" Zagaja because of allegations in her complaint. The Defendants argue that Zagaja's evidence is inadequate to establish a prima facie case, either as to discrimination or retaliation, and that Zagaja has not provided evidence sufficient to show that Defendants' proffered nondiscriminatory reason for the adverse employment actions—political patronage—was pretextual.[1] "[W]e may not . . . entertain an interlocutory appeal," however, "in which a defendant contends that the district court committed an error of law in ruling that the plaintiff's evidence was sufficient to create a jury issue on the facts relevant to the defendant's immunity defense." *Id.* at 91. Though Defendants claim that we have jurisdiction because their

---

[1] Because it was raised for the first time in Defendants' motion for reconsideration before the district court, we do not consider Defendants' argument that the Deputy Chief position from which Zagaja was demoted and the Assistant Chief position that she was denied are policymaking positions to which anti-discrimination law is inapplicable. *Schwan-Stabilo Cosmetics GmbH & Co. v. Pacificlink Int'l Corp.*, 401 F.3d 28, 35 (2d Cir. 2005) ("[W]e generally will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration," but "we have discretion to do so.") (internal quotation marks and citation omitted).

3

argument accepts all the agreed-upon facts and Zagaja's version of all disputed facts, they manifestly do not accept the critical factual allegation that the Mayor intentionally discriminated on the basis of race and/or sex, or acted in retaliation for Zagaja's complaint about alleged discrimination, as to which the district court found that there were genuine issues of fact. Apart from the policymaker argument that we decline to address, Defendants do not argue that if the Mayor did thus intentionally discriminate, clearly-established law does not support Zagaja's discrimination or retaliation claims. We therefore lack interlocutory jurisdiction to review Defendants' challenge to the district court's denial of qualified immunity. *See Ortiz v. Jordan*, 131 S. Ct. 884, 891 (2011) ("[I]nstant appeal [of a denial of summary judgment on a qualified immunity plea] is not available . . . when the district court determines that factual issues genuinely in dispute preclude summary adjudication."); *Bolmer v. Oliveira*, 594 F.3d 134, 140-41 (2d Cir. 2010) ("[W]here the district court denied immunity on summary judgment because genuine issues of material fact remained, we have jurisdiction to determine whether the issue is *material*, but not whether it is *genuine*."). Since we lack jurisdiction, nothing in this order should be taken as expressing any view as to the correctness of the district court's conclusion regarding the sufficiency of Zagaja's evidence to support a finding of intentional discrimination or retaliation. For the foregoing reasons, the appeal is **DISMISSED** for lack of appellate jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4