232 F.3d 119 (2nd Cir. 2000)
 JAMES F. WRIGHTEN, Plaintiff-Appellant, v
MARIE GLOWSKI, Director of Special Education, ALAN PALUCK, Assistant Director of Special Education, and NEW LONDON BOARD OF EDUCATION, Defendants-Appellees.
 Docket No. 00-7192
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Argued: October 27, 2000
Decided: November 15, 2000
 
 Appeal from a judgment of the United States District Court for the District of Connecticut (Dominic J. Squatrito, Judge) dismissing several of the plaintiff's discrimination claims and finding for the defendants on the other claims.
 Affirmed in part, and appeal dismissed in part.
 JAMES F. WRIGHTEN, pro se, for Plaintiff-Appellant.
 RICHARD D. O'CONNOR, Siegel, O'Connor, Schiff & Zangari, P.C., Hartford, CT (George J. Kelly, Jr., of counsel), for Defendants-Appellees.
 Before: OAKES, WINTER, and SACK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff appeals from a January 19, 2000 judgment of the United States District Court for the District of Connecticut (Squatrito, Judge) dismissing several of the plaintiff's claims and finding in favor of the defendants on the remaining claims after a bench trial.
 
 BACKGROUND
 
 2
 The plaintiff, an African-American man who had worked in the New London school district as a substitute teacher and a tutor, alleges that the defendants discriminated against him on the basis of his race and gender by failing to assign him students to tutor in 1997 and by refusing to grant him an educational assistant position in 1997. The plaintiff brought suit in 1998 under Title VII and 42 U.S.C. § 1983 against the New London Board of Education and two individual employees of the school district. In a joint trial memorandum submitted shortly before trial, the plaintiff asserted additional claims under the Federal Vocational Rehabilitation Act (FVRA), the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), and 42 U.S.C. § 1981. The district court dismissed several of the plaintiff's claims, and after a bench trial on January 18, 2000, granted judgment for the defendants on the remaining claims.
 
 DISCUSSION
 
 3
 We affirm the district court's judgment with respect to the claims it dismissed, and we dismiss the appeal with respect to the claims it decided in the defendants' favor after trial. First, the district court's dismissal of the FVRA, ADA, and ADEA claims was not an abuse of discretion because the claims were not asserted until shortly before trial. See Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that undue delay and undue prejudice to the opposing party are grounds for denying a motion for leave to amend a complaint). The district court also properly dismissed the Title VII claims against Glowski and Paluck, because individuals are not subject to liability under Title VII. See Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995).
 
 
 4
 With respect to the plaintiff's challenges to the district court's findings and conclusions on the remaining claims, we dismiss this appeal with prejudice because the plaintiff failed to provide this Court with the trial transcripts needed to conduct meaningful appellate review, despite two extensions of time and advice from this Court to move in the district court for trial transcripts. Rule 10(b)(1) of the Federal Rules of Appellate Procedure imposes on the appellant the duty to order trial transcripts. The rules further provide that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2). The plaintiff's failure to provide these transcripts deprives this Court of the ability to conduct meaningful appellate review. We therefore dismiss the portion of the appeal challenging the district court's post-trial findings and conclusions. See Fed. R. App. P. 3(a)(2); Meroney v. Delta Int'l Mach. Corp., 18 F.3d 1436, 1437 (8th Cir. 1994); Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3956.1 n.6 (3d ed. 1999) (collecting cases).
 
 CONCLUSION
 
 5
 For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED in part and the appeal is DISMISSED in part.