**Annette MEISELMAN, Plaintiff–Appellant,**

v.

**Eric BYROM, individually and as a police officer of the Nassau County, New York police department, and County of Nassau, Defendants–Appellees.**

No. 02–7677.

United States Court of Appeals,
Second Circuit.

Jan. 30, 2003.

Annette D. Meiselman, Great Neck, NY, for Plaintiff–Appellant, pro-se.

Lorna B. Goodman, County Attorney, County of Nassau, N.Y. (David B. Goldin, Deputy County Attorney, on the brief), Mineola, NY, for Defendants–Appellees.

PRESENT: OAKES, CALABRESI, and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the appeal be and it hereby is DISMISSED.

Appellant Annette Meiselman appeals from a judgment entered by the district court (Spatt, *J.*) in favor of the defendants, following a jury verdict, in her § 1983 suit against Police Officer Eric Byrom and Nassau County. She has not provided us with a copy of the trial transcript, and this leaves us unable to review her claims, which pertain to the conduct of the trial. Under Federal Rule of Appellate Procedure 10(b), it is her duty to "order from the reporter a transcript of such parts of the proceedings ... as [she] considers necessary" to her appeal. Because Ms. Meiselman is pro-se, however, and because the record does not indicate that she had notice of Rule 10(b)'s requirements, we dismiss her appeal without prejudice to her refiling within 90 days of the date of this order, and with prejudice to her refiling thereafter. *Cf. Wrighten v. Glowski,* 232 F.3d 119, 119 (2d Cir.2000) (per curiam) (dismissing appeal with prejudice for failure to provide trial transcripts, where the pro-se petitioner, "despite two extensions of time and advice from this Court to move in the district court for trial transcripts," had not produced the "trial transcripts needed to conduct meaningful appellate review.") If Ms. Meiselman chooses to refile, her brief should identify, with page references to the trial transcript, the specific occurrences that she believes entitle her to a new trial.[1]

The appeal is DISMISSED, without prejudice to the appellant refiling her appeal within 90 days, and with prejudice to her refiling thereafter.

---

1. During oral argument, Ms. Meiselman alluded to acts of harassment allegedly perpetrated by Officer Byrom after the trial. These may support a new lawsuit, but as they could not have been passed upon by the jury, they cannot form the basis of her present appeal.