**Rutherford BEST, Plaintiff–Appellant,**

v.

**THE TOWN OF CLARKSTOWN, Chief of Police William Collins, Police Officer Allen Armstrong, and Police Officer "John Doe", Defendants–Appellees.**

No. 02–7664.

United States Court of Appeals, Second Circuit.

April 2, 2003.

Paul W. Verner, Law Office of Verner Simon, New York, NY, for Appellant.

Harold MacCartney, MacCartney, MacCartney, Kerrigan, & MacCartney, Nyack, NY, for Appellees.

PRESENT: FEINBERG, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 2nd day of April, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Rutherford Best appeals the district court's April 24, 2002 judgment dismissing Best's case in its entirety. Best sought compensatory and punitive damages for false arrest, assault and battery, excessive force, malicious prosecution, and deliberate indifference to serious medical needs under both 42 U.S.C. § 1983 and state tort law from the Town of Clarkstown, New York, the Clarkstown Police Department, the Clarkstown Chief of Police, William Collins, and two Clarkstown police officers, Allen Armstrong and "John Doe." These claims result from an incident where Best, who was found dazed and incoherent wandering away from the scene of a head-on car crash, was arrested for, among other things, driving while under the influence of drugs, all of which charges were eventually dropped. After a number of motions filed before and during trial, by the time this civil case went to the jury Armstrong was the only remaining defendant, and the only remaining claims were for: 1) excessive force; 2) false arrest, based on a charge of failure to produce an insurance card; 3) malicious prosecution, also based on the failure to produce an insurance card charge; and 4) deliberate indifference to serious medical needs. The jury found for Armstrong on the first three claims, but returned a verdict for Best on

the deliberate indifference count, awarding $50,000 in compensatory damages and $250,000 in punitive damages. After the jury verdict, the district court granted Armstrong's motion for judgment as a matter of law, finding that Best failed to prove that he suffered a sufficiently serious injury to support a constitutional claim for deliberate indifference to serious medical needs. On appeal, Best challenges four of the district court's rulings.

■ First, Best argues that the district court erred by granting Armstrong's motion for judgment as a matter of law on Best's deliberate indifference to serious medical needs claim. In order to prevail on his deliberate indifference claim, Best had to prove, among other things, that he suffered from "a condition of urgency, one that may produce death, degeneration, or extreme pain" at the time of Armstrong's alleged indifference. *See Morales v. Mackalm*, 278 F.3d 126, 132 (2d Cir.2002). Best's claim rested entirely on his contention that he suffered from a diffuse cerebral edema, caused by the car crash. The district court found that the evidence presented at trial did

> not support a reasonable inference that Best suffered a cerebral edema. [Best's medical expert's] testimony was not based upon his own reading and evaluation of the CAT scan films; instead [Best's expert] testified as to what he believed the radiologist concluded in his report. [Best's expert's] conclusion that [Best] suffered a cerebral edema is, therefore, speculative.

After conducting a de novo review of the evidence, we agree with the district court's conclusion that there was no evidence from which a jury could reasonably conclude that Best actually suffered a cerebral edema. *See This Is Me, Inc. v. Taylor*, 157 F.3d 139, 142 (2d Cir.1998) (judgment as a matter of law is only appropriate where

"there can be but one conclusion as to the verdict that reasonable persons could have reached" (internal quotations omitted)).

Notably, although there was evidence in the record that Best was suffering from an acute psychosis while he was in Armstrong's custody, Best has not claimed that Armstrong was deliberately indifferent to that condition. Instead, Best argued (for the first time on appeal in his reply brief) that Armstrong's deliberate indifference to Best's head injury *caused* Best's psychosis by contributing to the evolution of an "anxiety disorder" into "psychotic episodes." *See* Appellant's Reply Br. at 6 ("Best was not psychotic before [the day of the accident] and ... the subsequent psychosis was triggered by the arrest and detention of Best, including Best's failure to receive medical care at the scene of the accident." (internal citations omitted)). Therefore, we have not considered the evidence that Best was suffering from an acute psychosis *while* he was in Armstrong's custody in our assessment of the severity of the medical condition to which Armstrong was allegedly indifferent.

■ Second, Best argues that the district court erred by granting, in its March 15, 2001 order, the defendants' motion to amend their answer to add the defense of legal justification. "Leave to amend shall be freely given, and this court reviews the district court's actions for abuse of discretion. Parties are generally allowed to amend their pleadings absent bad faith or prejudice." *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir.2000) (internal citations omitted). Best contends that he was prejudiced by the defendants' amendment because he conducted discovery under the assumption that legal justification would not be an issue. But there is no indication in the record that Best sought to reopen discovery, and Best has failed to identify any

lines of inquiry he might have pursued if allowed further discovery.[2] Therefore, the district court did not abuse its discretion by granting the defendants' motion because Best failed to establish that he was prejudiced by the amendment.

■ Third, Best argues that the district court erred by granting the defendants' motion for summary judgment on Best's false arrest and malicious prosecution claims related to the charges that Best: 1) drove while his ability was impaired by drugs; 2) left the scene of an accident; and 3) failed to keep right. The district court granted the motion because it concluded that the undisputed evidence established that probable cause existed to justify the arrests. In light of the evidence, summarized by the district court in its March 15, 2001 order, there was no error in the district court's conclusion. *See Weyant v. Okst,* 101 F.3d 845, 852 (2d Cir.1996) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest whether that action is brought under [New York] law or under § 1983." (internal quotations and citations omitted)); *see also Kinzer v. Jackson,* 316 F.3d 139, 143 (2d Cir.2003) (noting lack of probable cause is an element of a prima facie case of malicious prosecution).

■ Fourth, Best argues that the district court erred by denying his motion to amend his complaint in order to add a claim that Best's counsel characterized as "a negligence count ... revolving around medical treatment, transport to the scene, etc." The district court denied Best's motion to amend because it found that Best's Notice of Claim (which New York law requires a plaintiff to file before suing a police officer, *see* New York Gen. Mun. Law § 50j) did "not adequately set forth the medical claims and it would be unfair surprise to the defendants." Best has not challenged the district court's conclusion that the claim he sought to add would have been barred by New York procedural law. Therefore, we find no error in the district court's denial of Best's motion. *See Jones v. New York State Div. of Military & Naval Affairs,* 166 F.3d 45, 55 (2d Cir. 1999) (no abuse of discretion where district court denied leave to amend complaint, where "proposed amended complaint would be subject to immediate dismissal" for failure to meet procedural requirements).

For these reasons, the judgment of the district court is AFFIRMED.

---

**2.** Best contends that his counsel did request additional discovery in response to the defendants' motion to amend their answer, but he concedes that there is nothing in the record before this Court to support this contention. *See* Letter from Paul W. Verner to the Court of Mar. 19, 2003 (acknowledging that Best "alluded to the need for additional discovery" in his written submissions to the district court, but did "not specifically request this relief"); *see also id.* (asserting that "[t]he undersigned attorney is fairly sure that his memory is correct and that additional discovery was requested during oral argument ... [but a] transcript was not ordered of that hearing"). Without more, we cannot conclude that Best's counsel ever made such a request, or, correspondingly, that the district court erroneously disregarded it. *See Wrighten v. Glowski,* 232 F.3d 119, 120 (2d Cir.2000) ("The plaintiff's failure to provide these transcripts deprives this Court of the ability to conduct meaningful appellate review.").