NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 20, 2008[*]
Decided February 25, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-2168

| | |
|---|---|
| MANUEL WILLIAMS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 04-C-65 |
| STEVEN SCHUELER, et al., *Defendants-Appellees.* | Patricia J. Gorence, *Magistrate Judge.* |

**O R D E R**

Manuel Williams, a Wisconsin inmate, sued several guards at Waupun Correctional Institution under 42 U.S.C. § 1983, claiming that they violated the Eighth Amendment by using excessive force. After Williams presented his case-in-chief to a jury, a magistrate judge, sitting by consent, granted judgment as a matter of law for one of the officers. The jury later found in favor of the others. Williams appeals, but because he has failed to provide us with a transcript of the trial, we dismiss the appeal. *See* FED. R. APP. P. (10)(b)(2).

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

In his complaint, Williams claimed that the defendants used excessive force when they applied several electrical shocks to his arm. At trial, Williams represented that the officers shocked him purely out of spite because he had earlier refused to uncover the window of his cell. The officers, on the other hand, maintained that they shocked Williams because he was violently grabbing them through an opening in his cell door and refused to pull his arms back inside.

On appeal, Williams argues that there is insufficient evidence to support the jury's verdict. He also argues that it was error to grant judgment as a matter of law for the one officer because fact questions remained about his involvement in the incident.

Without the trial transcript, we are unable to review either of these arguments. *See LaFollette v. Savage,* 63 F.3d 540, 544 (7th Cir. 1995). "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." FED. R. APP. P. 10(b)(2); *see Learning Curve Toys, Inc. v. PlayWood Toys, Inc.,* 342 F.3d 714, 731 n. 10 (7th Cir. 2003). Both of Williams's arguments require us to evaluate the evidence presented at trial, so dismissal of this appeal is appropriate. *See Hotaling v. Chubb Sovereign Life Ins. Co.,* 241 F.3d 572, 581 (7th Cir. 2001); *LaFollette,* 63 F.3d at 544; *Wrighten v. Glowski,* 232 F.3d 119, 120 (2d Cir. 2000); *Syncom Capital Corp. v. Wade,* 924 F.2d 167, 169 (9th Cir. 1991). Williams's pro se status does not persuade us to conclude otherwise. *See Woods v. Thieret,* 5 F.3d 244, 245-46 (7th Cir. 1993) (dismissing appeal of pro so plaintiff for failure to provide transcript).

We could order Williams to supplement the record, *see* FED. R. APP. P. (10)(e), but we decline to do so here. The appellees's response brief, which urges dismissal, notified Williams of the potential consequences of his failure to provide a transcript. *See Learning Curve Toys,* 342 F.3d at 731 n.10. Williams says in reply that before briefing began he tried to obtain a trial transcript from the district court. That is not true; Williams requested a copy of the pleadings and the few trial exhibits that had already been transmitted to our court. More importantly, however, Williams made no attempt to secure a transcript after receiving the appellees's response brief. *See generally LaFollette,* 63 F.3d at 545. He tells us that he could not afford a transcript, but there are steps he could have taken to try to get the associated fees waived. *See* 28 U.S.C. § 753(f).

Accordingly, the appeal is DISMISSED.