**Carol ZIEGLER, Plaintiff–Appellant,**

v.

**Warren ADAMS, Sandra Slivko, Defendants–Appellees.**

**No. 07–2939–cv.**

United States Court of Appeals, Second Circuit.

March 20, 2009.

Carol Ziegler, pro se, Rensselaer, N.Y.

Brian S. Lyda, The Lyda Law Firm, PLLC, Glenmont, N.Y., for Appellees.

PRESENT: Hon. WALKER, Hon. ROSEMARY S. POOLER, Circuit Judges, Hon. LEWIS A. KAPLAN,* District Judge.

### SUMMARY ORDER

Plaintiff–Appellant Carol Ziegler, *pro se,* appeals from the judgment of the United States District Court for the Northern District of New York (Sharpe, J.), dismissing her employment discrimination complaint against Defendants–Appellees for failure to state a claim upon which relief could be granted. We assume the parties' familiarity with the facts and procedural history.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6) [of the Federal Rules of Civil Procedure], construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). "[T]he pleadings of *pro se* litigants should be construed liberally, and should not be dismissed unless it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Phillips v. Girdich,* 408 F.3d 124, 127 (2d Cir.2005) (citations and internal quotation marks omitted).

First, Appellant filed her complaint pursuant to Title VII of the Civil Rights Act of 1964 against two individuals who were her supervisors but not her employers. As we previously have recognized, individuals with supervisory control over a plaintiff are not subject to personal liability under Title VII. *Wrighten v. Glowski,* 232 F.3d 119, 119 (2d Cir.2000) (citing *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir.1995)), abrogated on other grounds by *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). Moreover, the district court correctly found that, even if Appellant had amended her complaint to include claims against the Warren J. Adams Company, such complaint would have failed, as the

* The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

company did not employ at least 15 employees and, thus, could not be an "employer" for purposes of Title VII liability. *See* 42 U.S.C. § 2000e(b).

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.