**Demetrius HILL, Plaintiff–Appellant,**

**v.**

**Correctional Officers MELVIN, Shield 1847, Amir, Shield 4688, Wilson, Shield 11331, Eck, Shield 1402, Defendants–Appellees.\***

**No. 07–2630–pr.**

United States Court of Appeals, Second Circuit.

April 21, 2009.

\* The Clerk is directed to amend the official caption as indicated herein.

Demetrius Hill, Jonesville, VA, pro se.

Mordecai Newman, Larry A. Sonnenshein, Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel, City of New York.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, and Hon. PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

Demetrius Hill appeals from two judgments of the United States District Court for the Southern District of New York (Peck, *M.J.*), the first entering summary judgment in part in favor of defendant appellees on Hill's 42 U.S.C. § 1983 allegations, and the second entering judgment in favor of defendants on Hill's false arrest allegations following a jury verdict in defendants' favor. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Because Hill has not challenged the district court's entry of summary judgment on his religious freedom claim or the district court's entry of summary judgment in favor of defendants Wilson and Amir on Hill's false arrest claim, we deem those issues abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

■ Hill argues that the district court erred in failing to appoint counsel. "[A] district court's decision whether to appoint a lawyer is subject to review only for an abuse of its discretion." *Jenkins v. Chem. Bank*, 721 F.2d 876, 879 (2d Cir.1983). A district court "should first determine whether the indigent's position [is] likely to be of substance." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.1989) (quota-

tion marks omitted). "Only if the claim meets this threshold requirement ... should [the court] then consider other criteria...." *Id.* (quotation marks omitted). The district court's determination that Hill did not require appointed counsel was a proper exercise of discretion.

■ As to the malicious prosecution claim, Hill's affidavit alleges that the police witnesses perjured themselves before the grand jury. "A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory or based on speculation." *Major League Baseball Properties, Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir.2008) (quotation marks and citation omitted). Hill's affidavit therefore does not suffice to defeat summary judgment on his malicious prosecution claim.

■ Hill next argues that he should have been allowed to introduce certain transcript testimony at trial. "We review evidentiary rulings under a deferential abuse of discretion standard and give district court judges wide latitude in determining whether evidence is admissible at trial." *Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 148 (2d Cir.2001) (quotation marks omitted). Review of such rulings requires a trial transcript, and it is the appellant's obligation to provide such a transcript. *See* Fed.R.App.P. 10(b) (requiring that the appellant, within ten days of filing an appeal, order a trial transcript or file a certificate stating that no transcript will be ordered); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir.2000) (per curiam) (dismissing the appeal). Because Hill has not satisfied his Rule 10 obligations, we dismiss his appeal of the district court's exclusion of evidence.

Finally, Hill argues that the district court erred by construing his complaint to

state only four causes of action, rather than seven. Having reviewed the district court's analysis of Hill's complaint, we are satisfied that the court properly identified the actionable claims asserted therein.

Accordingly, we hereby **AFFIRM** the judgment of the district court.