09-5324-pr
Smolen v. Menard

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand ten.

PRESENT:
>              DEBRA ANN LIVINGSTON,
>              DENNY CHIN,
>                       *Circuit Judges*,
>              DAVID G. LARIMER,[*]
>                       *District Judge.*

-------------------------------------------------

Samuel J. Smolen Jr.,
>              *Plaintiff-Appellant*,

>         v.                                                     09-5324-pr

D. Menard, *et al.*,

>              *Defendants-Appellee*s,

Beards, C.O.,
>              *Defendant*.

-------------------------------------------------

---

[*] Judge David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

FOR APPELLANT:          Samuel J. Smolen, Jr., *pro se*, Ossining, NY.

FOR APPELLEES:         Andrew M. Cuomo, Attorney General for the State of New York; Barbara D. Underwood, Solicitor General; Andrea Oser, Deputy Solicitor General; Martin A. Hotvet, Assistant Solicitor General (*on the brief*), Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**, in part, and that the appeal be **DISMISSED**, in part, without prejudice to reinstatement.

Appellant Samuel J. Smolen, Jr., *pro se*, appeals the district court's denial of his motion to compel production of discovery, and the district court's judgment, following a jury trial, in favor of defendants-appellees on Smolen's excessive force and deliberate indifference claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.      <u>Motion to Compel</u>

We review discovery rulings for abuse of discretion. *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008). The magistrate judge did not abuse his discretion in denying Smolen's motion to compel as untimely, since it was filed over one year after the deadline for the filing of such a motion had expired. Moreover, we find no abuse of discretion in the magistrate judge's determination not to credit Smolen's unsupported allegation that he had sent a prior, timely motion to compel to the court, but that it had been stolen by prison officials.

II.     <u>Jury Verdict</u>

Although Smolen raises various claims related to the jury trial of his claims, he has not provided this Court with transcripts from those proceedings below. Federal Rule of Appellate Procedure 10(b) requires an appellant, within 10 days after the filing of a notice of appeal, to either (1) order transcripts from any proceedings that are necessary to the appeal from the reporter and file such order with the district court; or (2) file a certificate stating that no transcript will be ordered. Here, Smolen did neither.

As we have frequently observed, the absence of relevant trial transcripts deprives us of the ability to conduct meaningful appellate review. *See, e.g.*, *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). Accordingly, consistent with the long-established practice of this Court, we are compelled to dismiss Smolen's appeal insofar as it raises challenges to a jury trial for which we have no transcript. *See id.* (dismissing the portion of the appeal challenging post-trial findings because transcripts from those proceedings were not provided); *Gayle v. Walker*, 148 F.3d 214, 214 (2d Cir. 1998) (dismissing *pro se* appeal without prejudice to reinstatement for failure to file transcripts).

Therefore, Smolen's appeal, insofar as it challenges aspects of the trial proceedings themselves and the jury's verdict thereafter, is **DISMISSED** without prejudice to reinstatement, provided that, within 30 days of the date of this order, Smolen provides this Court with: (1) the transcript; (2) proof that he has ordered the transcript; or (3) proof that he has moved in the

district court for a free trial transcript under 28 U.S.C. § 753(f).[**] *See Gayle*, 148 F.3d at 214.

Upon timely filing of a transcript in the record on appeal, the appeal will be reinstated.

Smolen's appeal is otherwise dismissed on the merits and the judgment of the district

court, in those respects, is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[**] Under 28 U.S.C. § 753(f), "fees for transcripts furnished in . . . proceedings to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." Thus, to the extent Smolen moves for free transcripts in the district court pursuant to this statute, he must satisfy this standard.