Singh v. Home Depot, U.S.A., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand thirteen.

PRESENT:
>       AMALYA L. KEARSE,
>       DENNIS JACOBS,
>       B.D. PARKER,
>               *Circuit Judges.*

---

Balwan Singh,

>       *Plaintiff-Appellant,*

>       v.                                    12-4996

Home Depot U.S.A., Inc.,

>       *Defendant-Appellee.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Balwan Singh, *pro se*, Bellerose, NY. |
| **FOR DEFENDANT-APPELLEE:** | Stephen F. Willig, D'Amato & Lynch, LLP, New York, NY. |

Appeal from the judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal be **DISMISSED** without prejudice to reinstatement.

Appellant Balwan Singh, proceeding *pro se*, appeals from the district court's judgment dismissing his diversity negligence claim on the defendant's motion following a bench trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

Although Singh's brief, liberally construed, challenges the scheduling of the bench trial and the evidence presented at trial, he has not provided us with transcripts of the proceedings below. Federal Rule of Appellate Procedure 10(b) requires an appellant, within 10 days after the filing of a notice of appeal, to either (1) order transcripts from any proceedings that are necessary to the appeal from the reporter and file such order with the district court; or (2) file a certificate stating that no transcript will be ordered. Here, Singh did neither.

Singh's failure to provide the relevant transcripts deprives us of the ability to conduct meaningful appellate review. First, without the transcript of the district court's November 2, 2012 scheduling conference, we have no way of knowing, among other

things, whether Singh informed the court of his then-upcoming trip scheduled for November 4, 2012, a fact that is likely relevant to the issue of whether the district court abused its discretion in scheduling the trial for November 5, 2012. *See United States v. Yakobowicz*, 427 F.3d 144, 149-50 (2d Cir. 2005) (trial management orders reviewed for abuse of discretion). Second, to the extent Singh's brief may be construed as challenging the trial evidence, his failure to provide the trial transcript deprives us of the ability to assess that evidence or even review the basis for the district court's on-the-record dismissal of the action.

Accordingly, consistent with the long-established practice of this Court, we are compelled to dismiss Singh's appeal. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (dismissing the portion of the appeal challenging post-trial findings because transcripts from those proceedings were not provided); *Gayle v. Walker*, 148 F.3d 214, 214 (2d Cir. 1998) (dismissing *pro se* appeal without prejudice to reinstatement for failure to file transcripts).

Singh's appeal is therefore **DISMISSED** without prejudice to reinstatement, provided that, <u>within 30 days</u> of the date of this order, he provides this Court with: (1) the relevant transcripts; (2) proof that he has ordered the transcripts; or (3) proof that he has moved in the district court for free transcripts. Upon

3

timely filing of the relevant transcripts, the appeal will be reinstated.  Failure timely and properly to re-file this action may result in its dismissal with prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk