14-2734-cv
*Hines v. Veterans Outreach Center Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand seventeen.

PRESENT:
　　　　ROBERT A. KATZMANN,
　　　　　　*Chief Judge*,
　　　　ROSEMARY S. POOLER,
　　　　GERARD E. LYNCH,
　　　　　　*Circuit Judges*.

_____

JERRY HINES, JR.,

　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　　　　　　14-2734

VETERANS OUTREACH CENTER INC.,

　　　　　　*Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:　　　Jerry Hines, Jr., pro se, Grady, AL.

FOR DEFENDANT-APPELLEE:　　　Jennifer A. Shoemaker, Underberg & Kessler LLP, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Feldman, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part for lack of appellate jurisdiction and **DISMISSED** in part without prejudice as to reinstatement.

Appellant Jerry Hines, Jr., proceeding pro se, sued his former employer, Veterans Outreach Center Inc. ("VOC"), for retaliation under the Americans with Disabilities Act. After a five-day trial, a jury found in favor of VOC. On appeal, Hines challenges the jury's verdict and the magistrate judge's denial of his motions for judgment as a matter of law or for a new trial. Hines filed his notice of appeal after the jury's verdict, but did not file a new or amended notice of appeal after the post-judgment rulings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, we lack appellate jurisdiction over Hines's challenge to the post-judgment rulings because Hines did not file a notice of appeal or amended notice of appeal after those rulings issued, as is required under Federal Rule of Appellate Procedure 4(a)(4)(B)(ii). *See Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir. 2004) ("Compliance with Rule 4(a) is mandatory and jurisdictional." (internal quotation marks omitted)).

Although Hines also challenges the verdict, he has not provided us with transcripts of the proceedings below. Federal Rule of Appellate Procedure 10(b) requires an appellant, within 14 days after the filing of a notice of appeal, to either (1) order in writing transcripts of such parts of the proceedings that are necessary to the appeal and that are not already on file (and satisfy the other requirements of Rule 10(b)(1)(A)); or (2) file a certificate stating that no transcript will be ordered. Here, Hines did neither.

Hines's failure to provide the relevant transcripts deprives us of the ability to conduct meaningful appellate review. Accordingly, consistent with the long-established practice of this

2

Court, we are compelled to dismiss Hines's appeal. We dismiss without prejudice, however, because Hines is proceeding pro se and has not yet been informed of his obligations under Rule 10. *See Gayle v. Walker*, 148 F.3d 214, 214 (2d Cir. 1998) (dismissing pro se appeal without prejudice to reinstatement for failure to file transcripts); *cf. Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (dismissing portion of appeal with prejudice because relevant transcripts were not provided "despite two extensions of time").

Hines's appeal is therefore **DISMISSED** in part for lack of appellate jurisdiction as to his appeal from the denial of his post-verdict motions and **DISMISSED** in part without prejudice to reinstatement as to his appeal from the judgment, provided that, within 30 days of the date of this order, he provides this Court with: (1) the relevant transcripts; (2) proof that he has ordered the transcripts; or (3) proof that he has moved in this Court for free transcripts. Hines should adhere to Federal Rule of Appellate Procedure 24(a) and Second Circuit Local Rule 24.1 if and when he files a motion for transcripts. Upon timely filing of the relevant transcripts, the appeal will be reinstated.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3