Brown v. Signorella

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty.

PRESENT:
> ROBERT A. KATZMANN,
>     *Chief Judge*,
> AMALYA L. KEARSE,
> JOSEPH F. BIANCO,
>     *Circuit Judges*.

_____

Tyreen Brown,

        *Plaintiff-Appellant*,

    v.                                                                                              17-3991

Mario Signorella, Sergeant, Elmira
Correctional Facility,

        *Defendant-Appellee*,

DePaul, Lieutenant, Elmira Correctional
Facility, Elmira Staff Unknown,
Correctional Officers, Elmira Correctional
Facility,

        *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:                    Tyreen Brown, pro se, Stormville, NY.

FOR DEFENDANT-APPELLEE:                     Frank Brady (Barbara D. Underwood, Victor Paladino, *on the brief*), *for* Letitia James, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal from the judgment of the district court is **DISMISSED WITH PREJUDICE**, and appellant's motion for a "stipulation to withdraw with prejudice" is **DENIED**.

Appellant Tyreen Brown, proceeding pro se, appeals the district court's judgment, following a jury trial, dismissing his 42 U.S.C. § 1983 amended complaint against Elmira Correctional Facility Sergeant Mario Signorella alleging use of excessive force in violation of the Eighth Amendment. Although Brown raises various issues on appeal concerning alleged errors made during the jury trial, he has not provided this Court with the trial transcripts. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under Federal Rule of Appellate Procedure 10(a), any transcripts of district court proceedings constitute part of the record on appeal. Fed. R. App. P. 10(a)(2). Within 14 days after filing a notice of appeal, an appellant must either (1) order from the reporter transcripts from any proceedings that he considers necessary to the appeal; or (2) file a certificate stating that no

transcripts will be ordered.   Fed. R. App. P. 10(b)(1).

Brown repeatedly moved in the district court for free transcripts.   His motions were each denied because he did not "even attempt to set forth any reason that would amount to a 'substantial question' warranting the preparation of the trial transcript."   *Brown v. Signorella*, Case No. 6:14-cv-06139 (EAW) (MWP), ECF No. 68 (Order) at 2, ECF No. 71 (Order) at 4; *see* 28 U.S.C. § 753(f).

Likewise, Brown moved for free transcripts in this Court.   His motion was denied without prejudice because he identified neither the relevant facts nor the likely merits of the issues he intended to raise on appeal.   We provided Brown three options for proceeding with his appeal: (1) submit proof that he had ordered the transcript and had arranged to pay the court reporter; (2) file a statement indicating that he would not request a transcript, explaining why this should not result in his appeal being dismissed, and listing the issues he planned to argue that did not require a transcript; or (3) file a new motion for transcripts in this Court that includes a statement of the relevant facts and likely merits of the issues he plans to raise on appeal.   He was warned that failure to pursue one of these options would result in dismissal of his appeal with prejudice. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000).

In response, Brown listed in cursory fashion his issues on appeal as: (1) improper impeachment at trial; (2) denial of due process, presumably at trial; (3) the merits of his excessive force claim as determined at trial; and (4) jury bias.   He indicated that he would not request transcripts because everything he would raise in his brief was "on the record."   Case No. 17-3991, ECF No. 51 (Letter).   He did not explain why the fact that he would not request transcripts should

3

not result in his appeal being dismissed.  Nor did he explain whether the issues he intended to raise on appeal required transcripts to evaluate.   We nonetheless ordered that the appeal proceed to briefing and Brown filed his appellate brief raising those issues.

Although we informed Brown of his responsibilities under Federal Rule of Appellate Procedure 10 and he had repeated opportunities both in the district court and this Court to cure the deficiencies in his motions for free transcripts or otherwise obtain them, he has not done so.   We are unable to meaningfully evaluate the issues Brown raises in his brief because they require review of the trial proceedings and without a record in this case the Court is deprived of the ability to conduct meaningful appellate review.

Accordingly, Brown's appeal is **DISMISSED WITH PREJUDICE**.   In addition, Brown's motion for a "stipulation to withdraw with prejudice," dated February 10, 2020, is **DENIED** because it appears to be conditioned on the existence of a settlement, and the record does not indicate that a settlement has been reached in this case.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
