19-2825-cv
*Piccolo v. Top Shelf Provisions Co. Inc., et al*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty.

PRESENT:   RALPH K. WINTER,
           GUIDO CALABRESI,
           DENNY CHIN,
                     *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


LOUIS PICCOLO, individually and on behalf of
those individuals similarly situated,

                     *Plaintiff-Appellee,*


           -v-                                        19-2825-cv

TOP SHELF PROVISIONS CO. INC., RICH DALHEM,
ANTHONY CICCIARI,

                     *Defendants-Appellants.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLEE:          SAUL D. ZABELL, Zabell & Collotta, P.C.
                                 Bohemia, New York.

FOR DEFENDANTS-APPELLANTS: JOSEPH M. LABUDA, Milman Labuda Law Group PLLC, Lake Success, New York.

Appeal from the United States District Court for the Eastern District of New York (Brown, *M.J.*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED.**

Defendants-appellants Top Shelf Provisions Co. Inc. ("Top Shelf"), Rich Dahlem, and Anthony Ciccari (collectively "defendants") appeal from the August 7, 2019 memorandum and order of the district court denying their motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). A jury awarded $10,000 to plaintiff-appellee Louis Piccolo after finding that defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and the New York Labor Law §§ 190 *et seq.* (the "NYLL") in failing to furnish a wage notice and regular wage statements during the time he was employed by them as a driver.[2] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

The jury was asked to decide multiple claims, and it ruled in favor of plaintiffs on some claims and in favor of defendants on other claims. Defendants contend that the district court erred in denying their motion for judgment as a matter of

---

[1] The parties consented to jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Judge Brown has since been appointed a United States District Judge.

[2] The jury also awarded $10,000 to opt-in plaintiff John Sudlow, who is not a party to this appeal.

law because the jury's verdict was inconsistent and because Piccolo's wage statement claim under NYLL 195(3) was not pled in the complaint. Defendants, however, have failed to provide this Court with a copy of the trial transcript. Rule 10 of the Federal Rules of Appellate Procedure requires an appellant to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary." Fed. R. App. P. 10(b)(1)(A). Additionally, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2). Finally, the appellant "must comply with Rule 10(b) and must do whatever else is necessary to enable the clerk to assemble and forward the record." Fed. R. App. P. 11(a).

Defendants' failure to provide the trial transcript precludes this Court from reviewing their appeal. While dismissal of an appeal for the failure to obtain a trial transcript is not mandatory, *see Savard v. Marine Contracting Inc.*, 471 F.2d 536, 543 (2d Cir. 1972), it is our practice to do so where the failure to provide the relevant transcripts "deprives this Court of the ability to conduct meaningful appellate review," *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). Here, defendants ask us to set aside a jury verdict as inconsistent, something we cannot ascertain without knowing what evidence was submitted to the jury with respect to the different claims. Because the jury's verdict is not necessarily inconsistent on its face, only a close review of

3

relevant portions of the record below could lead to a finding of inconsistency.[3]  Rather than providing us with the transcript, defendants engage in detailed discussion of the evidence, and argue that "[b]ased on the evidence adduced at trial and the jury's findings," they are entitled to judgment as a matter of law.  Def.-App. Br. at 14-20, 20.  Moreover, defendants were given adequate notice of the need to obtain a transcript, as the district court denied their posttrial motion for judgment as a matter of law in part because they "failed to obtain a copy of the trial transcript," App'x at 214, but they nonetheless failed to remedy the deficiency.

Accordingly, because defendants' failure to obtain the trial transcript precludes meaningful appellate review of their claims, we dismiss.

*   *   *

For the foregoing reasons, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3]    The jury's verdict might simply reflect that neither party had met its burden; in other words, that the evidence was in equipoise.

4