McIntyre v. City of Rochester

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty.**

PRESENT:
>  GUIDO CALABRESI,
>  ROBERT A. KATZMANN,
>  RICHARD J. SULLIVAN,
>      *Circuit Judges.*

_____

Jessie McIntyre,

>           *Plaintiff-Appellant*,

>  v.                                                            18-2979

Rochester Police Department, Rochester Police
Officer Joel Hasper, Other unnamed officers,
Rochester Police Officer Jamel Mattox,

>           *Defendants-Appellees*,

City of Rochester, John Doe 1, John Doe 2,
Rochester Police Officer Michael Ciminelli,

>           *Defendants*.

_____

1

FOR PLAINTIFF-APPELLANT:                                Jessie McIntyre, pro se, Fort
                                                        Dix, NJ.

FOR DEFENDANTS-APPELLEES:                               Spencer L. Ash, *for* Timothy
                                                        R. Curtin, Corporation
                                                        Counsel of the City of
                                                        Rochester, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED IN PART** and the judgment of the district court is **AFFIRMED IN PART**.

Appellant Jessie McIntyre, proceeding *pro se*, appeals a jury verdict finding the defendant police officers not liable on Mr. McIntyre's claim under 42 U.S.C. § 1983 for use of excessive force during an arrest. Mr. McIntyre now argues that the evidence introduced at trial was insufficient to sustain the jury's verdict, that defense counsel made prejudicial arguments about the witnesses' credibility during opening and closing statements, and that the jury was inappropriately selected from a venire that did not represent a fair cross-section of the community. Mr. McIntyre has provided transcripts of the opening and closing statements, but not the remainder of the trial. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

As to the first issue on appeal, we have no choice but to dismiss Mr. McIntyre's claim about the sufficiency of the defendants' evidence. Because this Court can only evaluate this claim by reviewing all the evidence introduced at trial, we have repeatedly requested that Mr. McIntyre provide the full trial transcript. We first informed Mr. McIntyre of his obligation to provide the

2

transcript under Federal Rule of Appellate Procedure 10 in an order dated February 27, 2019. *See* Fed. R. App. P. 10(b)(1)–(2). In that same order, we also informed Mr. McIntyre that, because the district court had granted him leave to proceed *in forma pauperis*, he could order the trial transcript at public expense, and we provided instructions for doing so. Despite these instructions, and despite two follow-up requests, Mr. McIntyre ordered only the transcript of the opening and closing statements, and there is no evidence that he ever requested the full transcripts. As a result, we cannot meaningfully evaluate whether the defendants introduced sufficient evidence to support the jury's verdict. The only appropriate response, therefore, is to dismiss Mr. McIntyre's appeal with respect to this claim. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam); *Loc. Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Pelella*, 350 F.3d 73, 87 (2d Cir. 2003).

Without the transcript of the entire trial, it is also difficult to evaluate Mr. McIntyre's argument that defense counsel improperly vouched for the credibility of witnesses and used inflammatory language. Although we have the transcript of the opening statement and summation in which defense counsel made these statements, the full trial transcript was still necessary to evaluate the extent of any resulting prejudice to the plaintiff. *Cf. Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 540 (2d Cir. 1992) (explaining that "not all misconduct of counsel taints a verdict to such a degree as to warrant a new trial" because "[s]ome misconduct is *de minimis* in the context of the entire trial, and some is promptly dealt with by the trial court's rulings and curative instructions"). But even making every reasonable attempt to evaluate this argument on the merits, we cannot find that counsel engaged in misconduct so serious as to warrant remand. "Not every improper or poorly supported remark made in summation irreparably taints the proceedings; only if counsel's conduct created undue prejudice or passion

3

which played upon the sympathy of the jury, should a new trial be granted." *Matthews v. CTI Container Transp. Int'l Inc.*, 871 F.2d 270, 278 (2d Cir. 1989). Here, the limited record before us demonstrates only that defense counsel made statements to the jury about the credibility of the defendants and the plaintiff, and that the district court at one point instructed defense counsel that "the opinion of counsel as to believability of witness[es] is not proper." Br. of Appellant at 2–3. We cannot conclude from these statements alone that the district court abused its discretion by allowing the trial to continue. *See Tesser v. Bd. of Educ.*, 370 F.3d 314, 322 (2d Cir. 2004). We therefore affirm the judgment of the district court with respect to this claim.

Finally, Mr. McIntyre argues that a new trial is required because the jury was drawn from an all-white venire, which, he asserts, did not represent a fair cross-section of the community. But because Mr. McIntyre, who was represented by counsel below, apparently did not object during the district court's selection of the jury, we decline to consider his challenge for the first time on appeal. It is our "well-established general rule" not to reach issues raised for the first time on appeal. *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). And that rule holds particularly true in this context, because considering this challenge now would be akin to allowing Mr. McIntyre "the opportunity to test his fortunes with the first jury, preserving the opportunity for a mistrial and a second round in the event of [an unfavorable verdict]." *McCrory v. Henderson*, 82 F.3d 1243, 1247 (2d Cir. 1996); *see also United States v. Jackman*, 46 F.3d 1240, 1248 (2d Cir. 1995) (observing that, "in the absence of a timely objection to the jury selection process, courts will retain the discretion to uphold convictions" entered by juries selected using procedures that had systematically excluded Black and Hispanic people from the jury pool). We thus affirm the judgment to the extent that Mr. McIntyre now challenges the jury composition.

4

We have considered all of Mr. McIntyre's remaining arguments and find them to be without merit. Accordingly, the appeal is **DISMISSED IN PART**, and the judgment is **AFFIRMED IN PART**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5