24-446-pr
*Bradshaw v. Walrath*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-five.

PRESENT:
> **REENA RAGGI,**
> **GERARD E. LYNCH,**
> **MICHAEL H. PARK,**
>> *Circuit Judges.*

---

Jay Bradshaw,

> *Plaintiff-Appellant*,

> v.                                             24-446

Corrections Officer Walrath, Upstate Correctional Facility, formerly known as John Does 4 and 6, Correctional Sergeant Fletcher, Upstate Correctional Facility, Trombly, Correction Officer, Upstate Correctional Facility, formerly known as Trombley, Healy, Correction Officer, Upstate Correctional Facility, Darrin Jeffery, Correction Officer, Upstate Correctional Facility, formerly known as Jeffries, formerly known as Darrin Jeffrey, P. Woodruff, Deputy Superintendent for Security, Upstate Correctional Facility,

> *Defendants-Appellees.*[*]

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly. Appellant originally asserted claims against various other defendants, which were dismissed below. Because Appellant lists as appellees only those named in the amended caption above, and makes no argument challenging the dismissal of his claims against the other defendants, he has abandoned any such claims.

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Jay Bradshaw, *pro se*, Ossining, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, Sean P. Mix, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY. |

Appeal from the January 25, 2024 judgment and amended appeal from the September 25, 2024 decision and order of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** without prejudice to reinstatement.

Appellant Jay Bradshaw, *pro se*, sued several corrections officers under 42 U.S.C. § 1983, alleging that they violated his Eighth Amendment rights by failing to intervene and to protect him from attacks by other inmates. At the beginning of trial, Bradshaw moved for sanctions based on the alleged spoliation of evidence. The district court denied his motion, and after a four-day trial the jury found for Defendants. Bradshaw then moved "for a new trial and or [sic] to alter or amend the judgment" under Federal Rule of Civil Procedure 59. *See* Notice of Motion at 1, *Bradshaw v. Woodruff*, No. 19-cv-428 (N.D.N.Y. Feb. 16, 2024). On September 25, 2024, the district court denied that motion too. On appeal, Bradshaw challenges the district court's denials of his motions for spoliation and for a new trial. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

2

Federal Rule of Appellate Procedure 10(b) provides that if an "appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. App. P. 10(b)(2). When an appellant's "failure to provide these transcripts deprives this Court of the ability to conduct meaningful appellate review," we "dismiss the portion of the appeal challenging the district court's post-trial findings and conclusions." *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000).

Bradshaw did not include a transcript of his jury trial in the appellate record. That transcript is necessary because Bradshaw's arguments are based on (i) challenges to the jury instructions; (ii) alleged new evidence that would change the jury verdict; and (iii) challenges to the district court's decision to deny, at trial, spoliation sanctions (including an adverse inference instruction). Because those arguments are inextricably intertwined with what happened at trial, we cannot "conduct meaningful appellate review" as things stand. *Id.* Thus, we dismiss Bradshaw's appeal without prejudice, to afford Bradshaw an opportunity to comply with his Rule 10(b) obligations. *See, e.g.*, *Loc. Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Pelella*, 350 F.3d 73, 87 (2d Cir. 2003) (declining to consider challenge to jury instructions because the "failure to append the transcript prevents meaningful appellate review of the jury instructions"); *Thompson v. Rizzitelli*, 691 F. App'x 39, 40 (2d Cir. 2017) (dismissing evidentiary challenge because, "[w]ithout the transcripts, we cannot determine whether the

3

district court's evidentiary ruling was an abuse of discretion or whether … any error was harmless").

Accordingly, we **DISMISS** the appeal without prejudice to reinstatement provided that, within 30 days of the date of this order, Bradshaw provides this Court with: (1) the relevant transcripts; (2) proof that he has ordered the transcripts; or (3) proof that he has moved in the district court for free transcripts under 28 U.S.C. § 753(f).  If Bradshaw seeks free transcripts, he must first move in the district court within 30 days of this order and demonstrate financial need and that his appeal is "not frivolous (but presents a substantial question)."  28 U.S.C. § 753(f).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court