Reape v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand thirteen.

**PRESENT:**
> **GUIDO CALABRESI,**
> **ROSEMARY S. POOLER,**
> **REENA RAGGI,**
> > *Circuit Judges.*

———————————————————————

MICHAEL REAPE,

> *Plaintiff-Appellant*,

> v.                                                                    11-2948

ALEXANDRO BERRIOS, 79TH PRECINCT,
SHIELD #29758, IN THEIR OFFICIAL
CAPACITIES AS EMPLOYEES OF THE CITY
OF NEW YORK POLICE, JOHN DOE,
MAURICE FYFFE, P.O.,

> *Defendants-Appellees*,

CITY OF NEW YORK, RAYMOND KELLY,
POLICE COMMISSIONER, JESSENIA GORDILLO,
JAMES ROE, P.O.,

> *Defendants*.

———————————————————————

**For Appellant:**     MICHAEL REAPE, *pro se*, Brooklyn, New York.

**For Appellees:**     DEBORAH A. BRENNER, Senior Counsel (Kristin M. Helmers, of counsel, Michael A. Cardozo, Corporation Counsel, *on the brief*) City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*; Bloom, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal from the judgment of the district court is **DISMISSED**.

Appellant Michael Reape, proceeding *pro se*, appeals the district court's judgment, following a jury trial, dismissing his 42 U.S.C. § 1983 amended complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Although Reape raises various issues related to the jury trial, he has not provided the transcripts from those proceedings. Under Federal Rules of Appellate Procedure 10(b), within 10 days after the filing of a notice of appeal, the appellant must either (1) order transcripts from any proceedings that are necessary to the appeal from the reporter and file such order with the district court; or (2) file a certificate stating that no transcript will be ordered. In the past, we have dismissed appeals of issues related to a jury trial where appellant failed to provide a trial transcript. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (dismissing the portion of the appeal challenging post-trial findings because transcripts from those proceedings were not provided); *Gayle v. Walker*, 148 F.3d 214, 214 (2d Cir. 1998) (dismissing *pro se* appeal without prejudice to reinstatement for failure to file transcripts). In those cases, we explained that the failure to provide relevant transcripts deprives us of the ability to conduct meaningful appellate review. *See, e.g., Wrighten*, 232 F.3d at 120.

Here, Reape's submissions to the court provide no basis for relief from judgment, and we are not inclined to speculate as to that possibility in the absence of any transcripts from relevant district court proceedings. Reape moved in the district court for free transcripts, but his motion was denied because the district court found that his appeal was not taken in good faith. He also moved for free transcripts in this Court, but his motion was denied because he had not demonstrated that his appeal presented any substantial questions to justify free transcripts under 28 U.S.C. § 753(f). However, this Court provided Reape the opportunity to obtain transcripts at his own expense from the district court and to file them with this Court, and gave him several extensions of time to file his appellate brief, two of which were because he had not obtained the

trial transcripts. In these circumstances, given the lack of transcripts, Reape's appeal from the jury verdict is **DISMISSED**.

For the foregoing reasons, the appeal is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk