*Chepilko v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand fourteen.

PRESENT:
> **GUIDO CALABRESI,**
> **JOSÉ A. CABRANES,**
> **DEBRA ANN LIVINGSTON,**
> *Circuit Judges.*

_____

Sergei Chepilko,

       *Plaintiff-Appellant*,

       v.                                 12-1824

City of New York, *et al.*,

       *Defendants-Appellees*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Sergei Chepilko, *pro se*, Brooklyn, NY. |
| **FOR DEFENDANTS-APPELLEES:** | Larry A. Sonnenshein (Kathy H. Chang, of Counsel), *for* Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne Ross, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED** as to the appealed pre-trial orders, and the appeal from the jury verdict is **DISMISSED**.

Plaintiff-Appellant Sergei Chepilko, *pro se*, brought a 42 U.S.C. § 1983 complaint against the City of New York, and various officers of the New York City Parks Department and New York City Police Department. He sought to hold defendants liable for physical injuries and constitutional violations arising from an altercation with a Parks Department official at Coney Island Beach, which resulted in his arrest. Liberally construed, Chepilko's brief on appeal challenges the jury verdict in favor of the defendants, two summary judgment orders, the denial of his motions to compel discovery, to enlarge time for discovery, and for a pre-motion conference, and the court's decision on motions *in limine*. Chepilko has not provided trial transcripts. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review discovery and evidentiary rulings for abuse of discretion. *See In re "Agent Orange" Prod. Liab. Litig.*, 517 F.3d 76, 102 (2d Cir. 2008) (discovery rulings); *SR Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Props., LLC*, 467 F.3d 107, 119 (2d Cir. 2006) (evidentiary rulings). The district court did not abuse its discretion in denying Chepilko's motions to enlarge time for discovery, to compel discovery, or for a pre-motion conference, as the final discovery deadline had passed, the court had previously extended the deadline several times, and Chepilko had already had several years to complete discovery. Further, the district court did not abuse its discretion in failing to consider his untimely opposition to the defendants' motion *in limine*.

2

Chepilko includes one sentence in his brief on appeal regarding the district court's two summary judgment orders. Specifically, under the heading "Statement of the Issues Presented for Review," he writes: "Orders for the motions for Summary Judgment issued on July 18, 2011 and February 6, 2012 took into consideration false and contradictory affidavits submitted by defendants." He does not identify the affidavits he refers to, does not identify the allegedly false statements, and does not otherwise address the summary judgment orders in his brief. Accordingly, as the defendants argue, Chepilko has waived any challenge to the summary judgment orders by failing to sufficiently advance an argument. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotation marks omitted). In any event, review of the summary judgment orders reveals that the district court resolved any factual disputes between Chepilko's allegations and the defendants' affidavits in his favor. Accordingly, Chepilko's arguments regarding the summary judgment orders fail on the merits.

Although Chepilko raises various issues related to the jury trial, he has not provided the transcripts from those proceedings. Under Fed. R. App. P. 10(b), within 10 days after the filing of a notice of appeal, the appellant must either (1) order transcripts from any proceedings that are necessary to the appeal from the reporter and file such order with the district court; or (2) file a certificate stating that no transcript will be ordered. Chepilko did neither. We have dismissed appeals of issues related to a jury trial where the appellant failed to provide a trial transcript. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam) (dismissing the portion of the appeal challenging post-trial findings because transcripts from those proceedings were not provided); *Gayle v. Walker*, 148 F.3d 214, 214 (2d Cir. 1998) (dismissing *pro se* appeal without

3

prejudice to reinstatement for failure to file transcripts). In those cases, we explained that the failure to provide relevant transcripts deprived the court of the ability to conduct meaningful appellate review. *See, e.g.*, *Wrighten*, 232 F.3d at 120.

Here, Chepilko's submissions provide no basis for relief from the jury verdict. Chepilko moved in the district court for free transcripts, but his motion was denied because the district court found that his appeal was not taken in good faith. He moved for free transcripts in this Court, but his motion was denied in February 2012 because he had not demonstrated that his appeal presented any substantial questions to justify free transcripts. We granted him an extension of time (until July 30, 2012) to file his brief. Given that Chepilko had time to obtain transcripts at his own expense, and that the lack of trial transcripts deprives this Court of the ability to conduct meaningful appellate review, we dismiss Chepilko's appeal from the jury verdict. *Accord Reape v. Berrios*, 514 F. App'x 25, 26 (2d Cir. 2013) (summary order) (dismissing appeal from jury verdict where *pro se* appellant failed to obtain transcripts at his own expense after the Court gave him several extensions of time to file his appellate brief, his submissions provided no basis for relief from judgment, and the Court was "not inclined to speculate as to that possibility in the absence of any transcripts from relevant district court proceedings").

Accordingly, we **AFFIRM** the judgment of the district court as to the appealed pre-trial orders, and **DISMISS** the appeal from the jury verdict.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4