Barclay v. New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand fifteen.

PRESENT:
> AMALYA L. KEARSE,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
>
> *Circuit Judges.*

_____

H. PATRICK BARCLAY,

> *Plaintiff-Appellant,*

v.

No. 12-1593

STATE OF NEW YORK, SUPERINTENDENT THOMAS RICKS, CAPTAIN RACETTE, SERGEANT ZODIAC, DIRECTOR DONALD SELSKY, CORRECTION COUNSELOR T. HUTCHINS, CORRECTION OFFICER A. LA CLAIR, CORRECTION OFFICER JANE DOE, CORRECTION OFFICER JOHN ROE, LIEUTENANT DUBRAY, CORRECTION OFFICER R. RICHARD, HEARING OFFICER CHO DROWN, SERGEANT MARLOW, CORRECTION OFFICER ASHLAW, CORRECTION OFFICER GHOSTLAW, CORRECTION OFFICER KISSANE, STEWARD J. KELLY, CORRECTION OFFICER JOHN DOE, CORRECTION OFFICER JOHN

MOE, HEARING OFFICER M. SMITH, ESTATE OF
CURTIS DROWN, SUBSTITUTED FOR DEFENDANT CHO
DROWN,

        *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**        H. Patrick Barclay, pro se, New York, NY.

**FOR DEFENDANTS-APPELLEES:**       Barbara D. Underwood, Solicitor General; Andrea Oser, Deputy Solicitor General; Martin A. Hotvet, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Strom, *J.*[1]).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant H. Patrick Barclay, formerly an inmate in the custody of the New York State Department of Corrections and Community Services ("DOCCS"), proceeding pro se, appeals the district court's partial grant of summary judgment dismissing his claim related to the denial of his request to attend his mother's funeral, and his claim that he was retaliated against for exercising his protected religious rights. He also appeals the jury verdict, which found for the defendants on the remainder of his claims, arguing that various errors deprived him of a fair trial. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

_____

[1] The Honorable Lyle E. Strom, of the United States District Court for the District of Nebraska, sitting by designation.

We review a district court's grant of summary judgment de novo. *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004). Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-moving party, *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000), "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). "A dispute is not 'genuine' unless 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nabisco*, 220 F.3d at 45 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"We review a district court's evidentiary rulings for abuse of discretion, and will reverse only for manifest error." *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010) (quoting *Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003)) (internal quotation marks omitted). We also review for abuse of discretion rulings that resolve objections to assigned pro bono counsel. *See Carpenter v. Republic of Chile*, 610 F.3d 776, 780 (2d Cir. 2010).

## I. Partial Summary Judgment

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that inmates exhaust the administrative remedies available to them before they seek relief in federal court for any suit concerning prison life. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA requires "proper exhaustion," which means "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis omitted). This entails completing the administrative review process in accordance with the procedural rules prescribed by the relevant state prison grievance process, and providing "[t]he level of detail necessary in a grievance to comply with the

3

grievance procedures." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The district court correctly ruled that Barclay had failed to exhaust his administrative remedies with respect to the denial of his funeral request. Although the court did not expressly address the issue, Barclay's assertion that a November 2000 letter to the DOCCS Commissioner constituted "proper" exhaustion lacks merit. This letter, which was not part of the summary judgment record and was admitted at trial for other purposes, was entirely concerned with a separate, unrelated grievance, and contained only a single sentence referencing the denial of his funeral request. Even if the letter's lone reference to the denial of Barclay's funeral request was enough to notify prison officials of the nature of his grievance, such an informal complaint is insufficient to satisfy the PLRA's exhaustion requirement. *See Macias v. Zenk*, 495 F.3d 37, 43-44 (2d Cir. 2007) (holding that informal complaints alerting prison officials to nature of grievance were not "proper exhaustion").

Barclay's argument on appeal, that the legal materials allegedly confiscated from him contained additional evidence of his proper exhaustion, is similarly unavailing. By his own admission, the alleged confiscation of these materials took place in August 2009. The district court granted summary judgment, in part based on Barclay's failure to exhaust, in March 2009. Thus, the alleged confiscation some five months after the court's ruling did not prevent Barclay from presenting to the court any relevant legal materials bearing on the issue of exhaustion prior to its ruling.

The district court also correctly ruled that Barclay's First Amendment retaliation claim was entirely conclusory, as he had not pleaded any facts that suggested a retaliatory motive for the treatment of his kufi. To succeed on a First Amendment retaliation claim under § 1983, a prisoner

4

must establish "(1) that the [activity] at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected [activity] and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (quoting *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)) (internal quotation marks omitted). There was no evidence in the record to suggest a causal connection between Barclay's protected religious activity and the alleged treatment of his kufi. In opposing defendants' properly supported motion for summary judgment, Barclay was not entitled to rely on his own conclusory allegations. *See, e.g.*, *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996); *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

## II. Pre-trial Motions

With respect to Barclay's motion for the return of allegedly confiscated legal materials, as well as the related requests for a spoliation inference and to be allowed to argue to the jury that such a confiscation occurred, the district court reasonably rejected the requests, given the undisputed evidence that the defendants had not improperly confiscated Barclay's legal papers. Barclay confirmed that he had been offered a bag of legal materials bearing his name that he refused to accept, and that the bag was thereafter securely stored at Elmira Correctional Facility. And he admitted at trial that the bag remained securely stored there. At that point, Barclay was no longer incarcerated, having been released in February 2011, and was free to retrieve the bag from Elmira. His failure to do so belies his assertion that the bag's contents were necessary for him to adequately prosecute his claims.

The district court also reasonably denied Barclay's motion to re-open discovery on the eve of trial so that he could obtain records for his recent medical treatment and a court-appointed

expert to evaluate the integrity of the videotape purporting to show the June 2001 pat frisk that Barclay claimed injured him. Barclay initiated this action in 2002, and discovery closed in February 2008. In opposing the defendants' summary judgment motion in March 2008, Barclay did not argue that he required additional discovery. However, nearly four years later, he moved to re-open discovery less than two months before the scheduled trial date. As the district court noted, the medical records that Barclay sought to obtain were unlikely to be relevant to his claims, which were by then ten years old. And Barclay had never been denied access to the videotape; he had ample opportunity to seek an expert to review its integrity before discovery was closed. The court was thus well within its discretion in denying the motion. *See Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 925-28 (2d Cir. 1985).

On appeal, Barclay for the first time challenges the medical records that were filed under seal in connection with the defendants' summary judgment motion, arguing that he was prejudiced by the denial of his motion to re-open discovery because he was thereby prevented from rebutting those records with his own medical evidence regarding the injuries he allegedly sustained in the June 2001 pat frisk. This argument is meritless. The records Barclay challenges pertain to his continued need for a cane on or before February 2000, and are thus irrelevant to any injuries allegedly sustained thereafter.

Barclay also argues that discovery was not in fact closed when he made his motion, but that the discovery deadline had been stayed for purposes of mediation, that he received no notice of the deadline's reinstatement, and that the court allowed the deposition of defendant Selsky to proceed after the supposed closing of discovery in February 2008. This argument is similarly without merit. The record reflects that Barclay was advised that discovery had closed in February 2008,

6

and that his opposition to the defendant's summary judgment motion would be due in March. The case was indeed referred for mediation in July 2009, but nothing in the referral order suggested that discovery had been re-opened or stayed. Selsky's video deposition, which took place in April 2012, was not conducted for traditional discovery purposes, but was taken in anticipation of Selsky's unavailability for trial.

### III. Trial Rulings

The district court did not abuse its discretion in denying Barclay's request for substitute pro bono counsel. Barclay claimed that his appointed counsel was insufficiently zealous, as evidenced by counsel's involvement in the Selsky deposition and failure to obtain favorable rulings on Barclay's pre-trial motions. However, counsel protected Barclay's interests by conducting a cross-examination of Selsky at his video deposition, and the court's denial of Barclay's meritless motions does not reflect a lack of zealousness on the part of his attorney.

On appeal, Barclay argues that he should have been permitted to proceed pro se. However, to exercise his right to self-representation, Barclay had to assert the right in a timely manner, "preferably before trial," and he had to "clearly and unequivocally discharge any lawyer previously retained." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Barclay did neither; he waited until trial had already commenced to make his request for new counsel, and, when the court, in its discretion, denied his request, he proceeded with the lawyer he had. Barclay did not ask to be allowed to proceed pro se. Thus, Barclay was not denied his right to self-representation.

Barclay's argument that the court should have struck the jury pool is also without merit. Juries in the Northern District are selected at random from voter registration lists, pursuant to 28 U.S.C. § 1863. *See* Northern District General Order 24, approved by the Circuit Council of the

7

Second Circuit on January 16, 2009, *reprinted in* McKinney's New York Rules of Court, Vol. II—Federal District Courts 903-11 (2012 ed.). The use of voter registration lists as the sole source of names for jury selection was approved by this Court in *United States v. Guzman*, 468 F.2d 1245, 1247-49 (2d Cir. 1972). Barclay nevertheless argues that the jury pool in his case was unrepresentative. To raise such a challenge, he was required to follow the procedures set forth in 28 U.S.C. § 1867(c) and (d), requiring the filing of a motion with "a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions" of the Jury Selection and Service Act. 28 U.S.C. § 1867(d). Under § 1867(e), that procedure is the exclusive method by which a party in a civil case may challenge a jury as unrepresentative. Because Barclay failed to comply with these procedures, his challenge to the jury pool must fail. *See United States v. Jones*, 480 F.2d 1135, 1139 (2d Cir. 1973).

Finally, Barclay cannot show manifest error in any of the district court's evidentiary decisions. *See Cameron*, 598 F.3d at 61. With respect to the admission of the videotape depicting the June 2001 pat frisk, and contrary to Barclay's argument on appeal, the defendants laid a proper foundation for the tape, which the court correctly found to be adequate.

The court also reasonably allowed the admission of the photographs depicting Barclay in his cell. The photos themselves refute Barclay's argument on appeal that they were "inflammatory." One photo showed Barclay sitting on his bed, and the other showed him with his hand pressed against the window pane of his cell. Nothing about these photos is unfairly prejudicial.

The court's admission of the Selsky video deposition under Fed. R. Civ. P. 32 was similarly not an abuse of discretion. Rule 32(a)(4) provides for the use of deposition testimony

8

when a witness is unavailable. And, when a witness's unavailability for trial is anticipated in advance, "depositions, including video depositions, provide a superior means" of securing the witness's testimony for trial. Fed. R. Civ. P. 43, Advisory Committee Notes. Barclay does not challenge Selsky's unavailability for trial. Instead, he argues that the court's refusal to allow him to be present for the video deposition denied him his Sixth Amendment right of confrontation, and that, since discovery had already closed, it was unfair to allow the deposition to proceed while denying his own requests to re-open discovery. However, the Sixth Amendment right of confrontation does not apply in this civil action. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."). And, as discussed above, the Selsky deposition was not conducted for discovery purposes, but rather, was convened due to Selsky's anticipated unavailability for trial.

We have considered all of Barclay's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk