19-2348-pr
*Gilmore v. Fitzmaurice, et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand twenty-one.

PRESENT:     JOSÉ A. CABRANES,
            GERARD E. LYNCH,
                 *Circuit Judges,*
            VICTOR MARRERO,
                 *Judge.*[*]

---

FURMAN GILMORE,

          *Plaintiff-Appellee,*                            19-2348-pr

          v.

WILLIAM FITZMAURICE, NEW YORK STATE POLICE INVESTIGATOR,
GREGORY OVERHOLT, NEW YORK STATE POLICE INVESTIGATOR,
DANIEL T. MITCHELL, NEW YORK STATE POLICE INVESTIGATOR,

          *Defendants-Appellants,*

LANCE CROSSETT, PAROLE OFFICER, BRIAN MCMANNIS, CORRECTION OFFICER, GREENE COUNTY JAIL, DONNA JULIANO, NURSE, GREEN COUNTY JAIL, WALTER HUBICKI, DOCTOR, GREEN COUNTY JAIL, AMY VANALSYTNE, NURSE, COLUMBIA COUNTY JAIL, CHARLES

---

[*] Judge Victor Marrero, of the United States District Court for the Southern District of New York, sitting by designation.

JOHNSON, DOCTOR, COLUMBIA COUNTY JAIL.

*Defendants.*

---

**FOR PLAINTIFF-APPELLEE:**               Furman Gilmore, *pro se*, Rome, NY.

**FOR DEFENDANTS-APPELLANTS:**        Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, and Jonathan D. Hitsous, Assistant Solicitor General, *for* Letitia James, Attorney General, State of New York, Albany, NY.

Appeal from a June 26, 2019 judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellee Furman Gilmore ("Gilmore"), who is proceeding *pro se* in this appeal, filed suit against various law enforcement officers and healthcare professionals (together, "Defendants") pursuant to 42 U.S.C. § 1983, principally alleging he was assaulted while in the custody of New York State Police and subsequently denied medical treatment. The District Court scheduled trial and appointed an attorney for Gilmore. After a two-day trial, the jury returned a verdict in favor of Defendants on June 26, 2019. That same day, the District Court dismissed Gilmore's complaint and entered judgment. Gilmore timely appealed.

On appeal Gilmore challenges the District Court's denial of his two motions to proceed *pro se*, arguing that it abused its discretion. A civil litigant in federal court has a right to act as his or her own counsel.[1] "The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause."[2] But that right is not without some qualifications. We have

---

[1] *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *see generally O'Reilly v. New York Times Co.*, 692 F.2d 863, 867–70 (2d Cir. 1982) (discussing statutory right to self-representation in civil cases).

[2] *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) (citing *O'Reilly*, 692 F.2d at 867 & n. 5.

explained that "the right to self-representation must be timely asserted, preferably before trial."[3] Second, "a party seeking to assert his statutory right to self-representation must clearly and unequivocally discharge any lawyer previously retained."[4] We have explained that an untimely motion to proceed *pro se* is "committed to the discretion of the trial court, which may consider, among other factors, the reason for the request, the quality of the counsel representing the moving party, the party's prior proclivity to substitute counsel, and the potential disruption to the proceedings."[5] We review a district court's denial of a litigant's untimely motion to proceed *pro se* for abuse of discretion.[6]

Gilmore made two motions to proceed *pro se*. In his first motion, made on June 12, 2019, approximately two weeks before the trial, Gilmore explained that he and his attorney disagreed about calling a particular doctor as an expert witness, and the District Court denied the motion by docket order.

We conclude that Gilmore did not "clearly and unequivocally discharge" his attorney in that first motion, as is required to assert one's statutory right to proceed *pro se*. Indeed, the only reason Gilmore provided in his letter motion to proceed *pro se* was that he disagreed with his attorney about calling a particular doctor as a medical expert. And that dispute was resolved the next day, when Gilmore's attorney moved, successfully, to subpoena the doctor that Gilmore wanted. Furthermore, Gilmore's motion implied that, if Gilmore's attorney agreed to call the doctor in question as an expert witness, Gilmore would agree to his attorney's continued representation. Because Gilmore did not "clearly and unequivocally discharge" his attorney—and because the dispute Gilmore identified was apparently resolved by his attorney filing a request to issue a subpoena the following day—Gilmore's first motion did not suffice to assert his statutory right to self-representation.[7]

---

[3] *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also O'Reilly*, 692 F.2d at 868 (describing a motion to proceed *pro se* by a civil litigant made "well before trial" as being asserted "in [a] timely fashion").

[4] *Iannaccone*, 142 F.3d at 558; *Williams v. Bartlett*, 44 F.3d 95, 100 (2d Cir. 1994) (in the criminal context, "[t]he right to self-representation does not attach until it is asserted 'clearly and unequivocally.'") (quoting *Faretta v. California*, 422 U.S. 806, 835 (1975)). Furthermore, a party does not have a right to self-representation and representation by counsel at the same time. *See O'Reilly*, 692 F.2d at 867-68.

[5] *Id.*; *United States v. Walker*, 142 F.3d 103, 108 (2d Cir. 1998) ("On appeal, considerable weight will be given to the district court's assessment of this balance.").

[6] *See O'Reilly*, 692 F.2d at 867–68; *United States v. Brown*, 744 F.2d 905, 908 (2d Cir. 1984) (reviewing the district court's denial of criminal appellant's mid-trial request to proceed *pro se* and finding that "'[the district court] acted well within [its] discretion' in denying the request"); *see also, e.g., Barclay v. New York*, 602 F. App'x 7, 12 (2d Cir. 2015) (non-published summary order) (affirming district court's order where civil plaintiff "waited until trial had already commenced to make his request for new counsel, and, when the court, in its discretion, denied his request, he proceeded with the lawyer he had").

[7] *See Tuduj v. Newbold*, 958 F.3d 576, 579 (7th Cir. 2020) (*per curiam*) (applying *O'Reilly* and concluding that district court did not err in denying pretrial motion to proceed *pro se* made in conditional terms).

Gilmore made his second motion to proceed *pro se*, which the District Court also denied, on the day that his trial was scheduled to begin. Indeed, the minute entry on the District Court docket reflects that Gilmore's motion was made after the jury was sworn in. It thus appears from the record before us that Gilmore made his second motion after trial commenced, which would render it untimely.[8] Gilmore maintains, however, that he made the motion before jury selection.

Our ability to review Gilmore's challenge to the denial of his second motion to proceed *pro se* is precluded by his failure to provide a transcript of the proceeding, despite several notices from this Court of his obligation as an appellant to do so.[9] While it is not mandatory to dismiss an appeal for failure to obtain a trial transcript,[10] it is our practice to do so where the failure to provide the relevant transcripts "deprives this Court of the ability to conduct meaningful appellate review."[11] On this record, we are unable to consider the timeliness of Gilmore's second motion to proceed *pro se*. Furthermore, even were we to credit Gilmore's assertion that he timely made the motion prior to jury selection, it would still be impossible for us to review the District Court's reasons for denying

---

[8] *O'Reilly*, 692 F.2d at 867-68; *Walker*, 142 F.3d at 108–09 (defendant's motion to proceed *pro se* must be made before commencement of trial proceedings, and motion made at the end of *voir dire* was untimely); *United States v. Stevens*, 83 F.3d 60, 66-67 (2d Cir. 1996) (holding that a defendant's motion made "just after the start of jury selection" was a motion "made after the start of trial").

[9] It is the appellant's duty to "order from the reporter a transcript of such parts of the proceedings not already on file as the appellant considers necessary [or] file a certificate stating that no transcript will be ordered." Fed. R. App. P. 10(b)(1); *see also* Fed. R. App. P. 10(b)(2).

In a December 2019 order denying Gilmore's motion for reversal of judgment, this Court noted that the motion raised issues concerning Gilmore's jury trial, and that it was his duty to order a transcript of the proceedings or file a certificate stating that no transcript would be ordered.

In a February 2020 order, the Court noted that it had previously advised Gilmore of the options pertaining to transcripts and observed that Gilmore failed to submit any documents in response. Accordingly, this Court explained that Gilmore's appeal would be dismissed by February 26, 2020 unless Gilmore: (1) filed a motion in the District Court for free transcripts and submitted a letter with proof to this Court that he ordered the transcripts; or (2) filed a letter in which he certified he did not need transcripts to proceed with his appeal and listed the issues he planned to challenge on appeal that did not require a transcript. On February 25, 2020, Gilmore filed a letter certifying that he would not be requesting transcripts.

In September 2020, Gilmore filed a copy of a letter he had sent the District Court requesting the trial transcripts. In the letter, Gilmore asserted that the issue he raised on appeal was that the District Court abused its discretion by denying his motions to proceed *pro se*, both before trial and on June 26, 2019 prior to jury selection. He stated that "[t]he transcript is needed for meaningful appeal review." Doc. 75 at 2. In response, the court reporter stated that "[t]he transcripts without jury selection total $766.50 and the transcripts with jury selection total $949.00." *Gilmore v. Crossett et al*, No. 16-cv-1300, Dkt. 72 (N.D.N.Y, Sept. 18, 2020). She directed him to send a money order for her to produce the transcripts to him. *Id.* Nothing further is indicated on the District Court docket.

[10] *See Savard v. Marine Contracting Inc.*, 471 F.2d 536, 543 (2d Cir. 1972).

[11] *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (*per curiam*) (dismissing with prejudice the portion of an appeal challenging certain post-trial findings and conclusions "because the [*pro se*] plaintiff failed to provide this Court with the trial transcripts needed to conduct meaningful appellate review, despite two extensions of time and advice from this Court to move in the district court for trial transcripts").

the motion. Without a transcript it is unclear whether Gilmore's second motion was merely a renewal of his first motion to proceed *pro se* or whether it was based on new and independent reasons, let alone whether Gilmore had "clearly and unequivocally discharge[d]" his attorney in his second motion.[12] Nor can we determine, let alone assess, the District Court's reason for denying Gilmore's second motion.

We accordingly dismiss Gilmore's appeal insofar as he challenges the District Court's denial of his second motion to proceed *pro se*. Because Gilmore has failed to provide the trial transcripts needed for us to conduct meaningful appellate review, despite being advised on multiple occasions by this Court about his responsibility to obtain the transcript, dismissal with prejudice is warranted.[13]

## CONCLUSION

We have reviewed all the arguments raised by Gilmore on appeal and find them to be without merit. We **AFFIRM** the June 26, 2019 judgment of the District Court to the extent that Gilmore challenges it on the basis of his first motion to proceed *pro se*. Insofar as Gilmore appeals the District Court's judgment dated June 26, 2019 on the basis of its denial of his second motion to proceed pro se, we **DISMISS** his appeal with prejudice.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[12] *O'Reilly*, 692 F.2d at 867–68.

[13] *See Wrighten*, 232 F.3d at 120.