*Chepilko v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 14th day of May, two thousand twenty-one.

Present:        ROSEMARY S. POOLER,
                REENA RAGGI,
                SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

SERGEI CHEPILKO,

        *Plaintiff-Appellant*,

                v.                                                      18-3528

CITY OF NEW YORK, CRISTOPHE BURTON,
RICHARD COHEN, GARSING CHAN,
SAMUEL BROWN, RONETTE BENJAMIN, ROGER JASMIN,

        *Defendants-Appellees*.

_____

Appearing for Appellant:        Sergei Chepilko, pro se, Brooklyn, N.Y.

Appearing for Appellee:         Eric Lee, Antonia Karlin, of counsel, *for* James E. Johnson,
                                Corporation Counsel of the City of New York, New York, N.Y.

        Appeal from the United States District Court for the Eastern District of New York (DeArcy Hall, *J*.; Bloom, *M.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **DISMISSED** in remaining part.

Sergei Chepilko appeals from the October 17, 2018 judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*; Bloom, *M.J.*) dismissing his 42 U.S.C. § 1983 complaint as to most claims and entering a jury verdict in favor of defendants as to the remaining claims. Chepilko asserted claims for false arrest, malicious prosecution, and excessive force, as well as several state law claims, arising from his arrest on the Fourth of July in 2011, for selling his photography services at Luna Park in Coney Island, where vending is prohibited during the summer. The district court granted summary judgment to the defendants on most claims, and a jury found for the defendants on Chepilko's remaining excessive force claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, Chepilko's arguments offer perfunctory challenges to the grant of summary judgment and the district court's order granting defendants' motion in limine to exclude certain video evidence. Chepilko fails to address the district court's bases for its decisions. We thus conclude that he has waived any challenge to these decisions. *See Terry v. Inc. Village of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)).

In any event, the district court did not err. The district court correctly concluded that the defendants had probable cause to arrest Chepilko, which is a complete defense to his false-arrest claim. *See Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014). Further, his malicious prosecution claim fails because the charges did not terminate in his favor. *See Fulton v. Robinson*, 289 F.3d 188, 196 (2d Cir. 2002) (noting adjournment in contemplation of dismissal under New York law "is not a favorable termination because it leaves open the question of the accused's guilt"). Nor did the district court exceed its discretion in excluding as irrelevant video evidence, parts of which were taken prior to and other parts of which were taken hours after, Chepilko's arrest. *See United States v. Edwards*, 631 F.2d 1049, 1051 (2d Cir. 1980) (observing district court has "broad discretion to exclude evidence that is irrelevant").

Chepilko also challenges the jury verdict, but has not fulfilled his obligation to provide trial transcripts. *See* Fed. R. App. P. 10(b). Accordingly, we dismiss Chepilko's appeal from the jury verdict. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000).

We have considered the remainder of Chepilko's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk